# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

HOMESAFE INSPECTION, INC.                                       PLAINTIFF

V.                                          CIVIL ACTION NO.: 1:09CV060-A-D

STEVE HARRIS                                                     DEFENDANT

---

## DEFAULT JUDGMENT

---

CAME ON FOR CONSIDERATION, the Plaintiff, Homesafe Inspection, Inc.'s,

Motion for Default Judgment, and the Court having reviewed the Complaint, Affidavit of

Kevin Seddon and the Motion for Default Judgment, and being fully apprised of the

circumstances therein, finds as follows:

1.        That the Plaintiff is the owner of certain patented processes for using

infra-red cameras to detect home inspection problems, such as insect infestation,

moisture problems, and air quality issues.

2.        Plaintiff owns the rights, title and interest in the following patents: United

States Patent No. 7,271,706, titled "Termite Acoustic Detection Device"; United States

Patent No. 7,385,483 titled "Infrared/Acoustic Method to Detect Termite Infestations in

a Structure"; United States Patent No. 7,434,990, titled "Additional Methods to Detect

Termite Infestation in a Structure"; United States Patent No. 7,445,377, titled "Non-

Destructive Residential Inspection Method and Apparatus; United States Patent No.

7,429,928, titled "Method to Prevent Termite Infestations by Modifying Termite

Behavior"; and United States Patent No. 7,369,955, titled "Residential Indoor

1

Environmental Quality Inspection Method"; as well as additional Applications under review: 11/158,109, "EIFS and Moisture Inspection with Infrared", 12/194,977 "Infrared, Moisture and Mold Sampling"; 12/234,958 "Identifying Structural Defects and Infrared"; and 12/209,590 "Infrared, Temperature Profile Databases and Exhaust Blowers" otherwise, (collectively referred to as "Patents").

     3.    Defendant and Plaintiff entered into an agreement dated April 17, 2006, wherein the Defendant was allowed to utilize the patented processes, pursuant to the terms and conditions of the Agreement, attached to the Complaint as "Exhibit A".

     4.    Defendant breached the Agreement by failing to make payments when due, was notified of such breach, failed to cure such breach and therefore his rights to utilize the processes terminated.

     5.    That as of June 1, 2010, the total amount of the debt under the Agreement to the Plaintiff is $21,000.00, which includes the value of the equipment provided to Defendant which Defendant has refused to return. Furthermore, reasonable attorneys' fees and cost in this action is $8,400.00, which is forty percent (40%) of the total debt owed, and is allowed to the prevailing party under any litigation. (See Para. XVII, I of the Agreement).

     6.    That the Agreement between the parties states that upon termination of the Agreement;

          a.    The Defendant will discontinue all use of the trademarks of Plaintiff. (Paragraph XIV, A. of the Agreement).

b.  The Defendant will turn over to Plaintiff, Defendant's business telephone numbers, and all materials, equipment and supplies provided by Plaintiff (Paragraph XIV, A . and C. of the Agreement).

c.  The Defendant will not engage in the home inspection business in the geographic market stated in the Agreement for a period of one (1) year. (Paragraph XV, B, and XIV of the Agreement).

d.  The Defendant will keep all business or trade secrets and processes obtained from Plaintiff in confidence and not disclose the same at any time (Paragraph XIV, D. of the Agreement).

e.  The Defendant will not directly or indirectly divert or attempt to divert or solicit any of the Franchisee/Defendant's former customers. (Paragraph XV, B. 1 of the Agreement)

7.  After termination of the right to utilize the processes, Defendant continued to utilize the processes, in violation of the Agreement and as an infringement to the patent rights of Plaintiff.

8.  Defendant's actions will continue unless enjoined by this Court.

9.  As a direct and proximate consequence of Defendant's continuous infringement of the patents, Plaintiff has suffered and will continue to suffer irreparable injury and damages.

10.  Upon information and belief, Defendant intends to continue to do the acts complained of unless restrained and enjoined.

11.  Plaintiff's remedy at law is inadequate.

THEREFORE, this Court, hereby, **ORDERS, ADJUDICATES and DECREES** that a Judgment be entered against the Defendant, Steve Harris, as follows:

1.    Judgment be entered against Defendant and in favor of Plaintiff in the amount of $21,000.00, plus court costs, attorneys' fees and expenses in the amount of $8,400.00, as well as post-judgment interest as provided by law.

2.    That Defendant, and its affiliates, agents and partners, servants and employees, or anyone acting with their authority or on their behalf, be enjoined and restrained from infringing the Patents of Plaintiff.

3.    That Defendant shall:

a.    discontinue all use of the trademarks of Plaintiff. (Paragraph XIV, A. of the Agreement).

b.    turn over to Plaintiff, Defendant's business telephone numbers, and all materials, equipment and supplies provided by Plaintiff (Paragraph XIV, A . and C. of the Agreement).

c.    not engage in the home inspection business in the geographic market for a period of one (1) year from the date of this Order (Paragraph XV, B, and XIV of the Agreement).

d.    forever keep all business or trade secrets and processes obtained from Plaintiff in confidence and not disclose the same (Paragraph XIV, D. of the Agreement).

e.    not directly or indirectly divert or attempt to divert or solicit any of the Franchisee/Defendant's former customers. (Paragraph XV, B. 1 of the Agreement)

**SO ORDERED, THIS the** __25th___ day of June, 2010.


        __/s/ Sharion Aycock_____
        **UNITED STATES DISTRICT JUDGE**